UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TINA DONAHUE                                                                                          PLAINTIFF

v.                                    Case No.: 5:19-CV-05169

NWA STAFFING, LLC                                                                                DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant's unopposed motion (Doc. 19) for a protective order and a proposed protective order (Doc. 19-1) for the Court's review. The proposed protective order represents that the parties anticipate the disclosure of sensitive personal information, such as social security numbers, medical information, etc., and confidential business information, such trade secrets, research and development data, and the like. (Doc. 19-1, p. 1). Pursuant to Federal Rule of Civil Procedure 26(c), the Court will grant the motion, but the Court will limit the scope of what information may be deemed "confidential" under the protective order.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

Paragraph 2 of the proposed protective order provides that the following information shall

be confidential:

>     (a)   Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures or training material of Defendant; or Defendant's organizational structure.
>     . . .
>     (e)   Any documents containing corporate trade secrets, nonpublic research development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information.

Some of this information, such as trade secrets, and nonpublic research development data, would so obviously cause an undue burden on a disclosing party that Congress included it in Rule 26. However, whether disclosure of information not expressly provided for in the Rule would burden a party is less clear. Defendant makes no demonstration as to how the public disclosure of this sort of information, such as nonspecific human resource information, policies, procedures, training materials, or its organizational structure, would cause "annoyance, embarrassment, oppression, or undue burden or expense," to the extent that a protective order is justified. Fed. R. Civ. P. 26(c)(1)(G). Because Defendant fails to demonstrate good cause, the Court will not include this information in the protective order.

Furthermore, the general catch-all "any and all documents referring or related to confidential or proprietary . . . business information" appears redundant considering subsection (2)(e) specifically identifies the confidential business information to be protected.[1] That language will be removed as well. The Court will therefore modify subsection (2)(a) to include only financial records of the parties, including compensation of Defendant's current or former personnel.

---

[1] Subsection (2)(d) appears similarly redundant as paragraph 7 discusses confidential information disclosed during depositions. Subsection (2)(d) in the proposed protective order will also be removed.

With respect to the information provided for in Rule 26, good cause exists to protect that information. Trade secrets and confidential commercial information fall squarely within the ambit of Rule 26(c). Fed. R. Civ. P. 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)). Here, entry of a protective order covering the confidential commercial information described in subsection (2)(e) will neither impair prosecution nor the defense of the claims. Based simply on the information outlined in the proposed order, it is clear to the Court how disclosure of this information would cause an undue burden or expense on Defendant. The Court finds good cause for the entry of a protective order regarding this information.

Good cause also exists for the entry of a protective order for personnel, workers' compensation, and medical files. Individuals have "a heightened privacy interest in [their] personnel files." *Kampfe v. Petsmart, Inc.*, 304 F.R.D. 554, 559 (N.D. Iowa 2015). "There is a strong public policy against the public disclosure of personnel files, but discovery of personnel files is permitted when there is a protective order or confidentiality order in place." *Nuckles v. Wal-Mart Stores, Inc.*, 2007 WL 1381651, at *1 (E.D. Ark. May 10, 2007); *see also Williams v. Bd. of Cnty. Comm'rs*, 2000 WL 133433 at *1 (D. Kan. Jan. 21, 2000) (holding that "personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination"). With respect to medical files, federal law generally prohibits the disclosure of the protected health information of third parties, but the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104–191, 110 Stat.1936 (also known as "HIPPA") allows

disclosure of this information for purposes of litigation where a protective order is in place. *See* 45 C.F.R. § 164.512(e)(v)(A).

IT IS THEREFORE ORDERED that the Defendant's unopposed motion (Doc. 19) for entry of a protective order is GRANTED. The Court will enter a revised protective order separately.

IT IS SO ORDERED this 21st day of February, 2020.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE